## MALINE v U S FIDELITY & GUAR CO

Ohio Appeals, 9th Dist, Summit Co

No 2790. Decided Dec 14, 1936

Irwin D. Allen, Akron, and H. W. Schwab, Akron, for appellant.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellee.

### OPINION

By STEVENS, J.

The parties appear in this court in the same relation as they appeared in the trial court, and reference will be made to them as they appeared below.

The petition of plaintiff was predicated upon a claim made by him against the defendant for the recovery of money which he had been compelled to pay by reason of the obtainance of a judgment for damages against him on account of an assault and battery perpetrated by one of his servants and employees, named Stephen Breen, upon one Sidney Mann.

At the time of the assault and battery in question, the plaintiff was engaged in the contracting business and was working upon a resurfacing project upon East Exchange Street in the city of Akron. At said time, the plaintiff was the holder of a policy of insurance, issued by the defendant company, which contained the following provisions:

"I. To settle and/or defend in the manner hereinafter set forth all claims resulting from liability imposed upon the assured by law for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered or alleged to have been suffered within the policy period defined in Statement 2 by any person or persons other than employees of the assured, by reason of and during the progress of the work described in Statement 4 at the places named therein and elsewhere, if caused by employees of the assured engaged as such in said operations at said places; but who are required in the discharge of their duties to be from time to time at other places, except driving or using any vehicle or automobile or any draught animal or loading or unloading any such vehicle.

"II. To defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim, whether groundless or not, for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons other than employees of the assured.

"III. To pay, irrespective of the limit of liability provided for in Item 3 of the statements hereof, the expenses (including as a part thereof the cost of such immediate surgical relief as is imperative at the time of the accident, court costs, all premiums on release-of-attachment and/or appeal bonds required in any such proceedings, and all interest accruing after entry of judgment for any part of which the company is liable hereunder, and up to the date of payment, tender on deposit in court by the company of its share of such judgment) incurred by the company in investigation, negotiation for settlement or defense."

In the defense of that action, and in payment of the judgment recovered by said Sidney Mann, plaintiff was required to expend the sum of $1,758.66. He now seeks recovery of said sum from the defendant upon the claim that the assault and battery perpetrated by Breen upon Mann was, within the provisions of the policy, an injury accidentally suffered, and that therefore the company should have defended said action and have paid said judgment.

To the petition of the plaintiff, defendant interposed a demurrer upon the ground that said petition, as amended, did not state facts sufficient in law to constitute a cause of action against defendant. That demur-

rer was sustained by the trial court, and plaintiff, not desiring to plead further, suffered final judgment to be entered against him, and appealed to this court on questions of law to secure a reversal of the judgment of the Court of Common Pleas.

In a consideration of this appeal, it is, of course, incumbent upon this court to take as true all of the allegations of the petition which are well pleaded, together with all reasonable inferences deducible therefrom. The petition sets out the provisions of the insurance policy above set forth.

It will be observed that said petition shows that the insurance company obligated itself to settle and/or defend all claims resulting from liability imposed upon the assured by law for damages on account of bodily injuries accidentally suffered or alleged to have been suffered within the policy period by reason of and during the progress of the work described in statement 4, at the places named therein. There is no allegation in the petition which shows, or from which a reasonable inference may be drawn, that the assault and battery perpetrated by Breen upon Mann occurred by reason of the work in which the plaintiff was engaged at said time. In fact, the petition indicates the contrary to be the case.

It is true that the assault and battery occurred within the policy period and during the progress of the work and at the place where said work was being done, but that is not sufficient to comply with the plain wording of the policy provision, construed according to its usual and ordinary meaning.

We are of the opinion that the petition does not set out a cause of action against defendant and that the trial court did not err in sustaining defendants' demurrer to said petition. The judgment of the trial court will therefore be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.